LIZZIE FARRELL, APPELLANT, V. CHARLES H. DIETRICH ET AL., APPELLEES.

FILED JUNE 26, 1913.      No. 16,958.

1. **Trusts**: CONVEYANCE OF LAND: RATIFICATION. In 1893 plaintiff and her husband deeded the land in controversy to D. by general warranty deed, and the deed was soon thereafter recorded. From that time to the commencement of this action, in 1909, no taxes were paid by plaintiff, nor any acts of ownership over the land asserted by the grantors in the deed to D. An action was brought by the county to foreclose the lien for taxes, a decree of foreclosure entered, the land sold at sheriff's sale to R. for $103.14 more than the taxes, interest and costs, and the surplus was paid into the hands of the clerk of the court. Subsequently D. applied to the court for an order directing the clerk to pay the surplus to him. The order was entered, the money paid as directed, and received by D. At the time of the execution of the deed to D. a bank, of which he was the president, held the promissory note of plaintiff and her husband for quite a large sum. The $103.14 was credited upon this indebtedness. Subsequently plaintiff had a settlement and adjustment with the bank and D., in which the $103.14 was accounted to her as a credit. *Held*, a ratification of the conveyance to D., and that plaintiff was not entitled to recover the land more than 16 years after the conveyance.

2. **Taxation**: FORECLOSURE OF LIEN: RIGHT OF REDEMPTION. *Held*, also, that D. prior to the commencement of this action having conveyed his interest in the land to R., who was from the date of

the purchase in possession thereof, plaintiff was not entitled to redeem from the foreclosure sale for taxes.

3. Trusts: EVIDENCE. The evidence detailed in the opinion *held* to sustain the decree of the district court in favor of defendants D. and R.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*J. W. James,* for appellant.

*Wilcox & Halligan, contra.*

REESE, C. J.

This appeal is from the district court for Lincoln county. The suit involves the title to the south half of the northwest quarter and lots 3 and 4, all in section 2, township 12 north, range 34 west. The land was patented by the United States to Thomas E. Farrell, the husband of plaintiff, on the 14th day of July, 1893, and he held the title thereto until the 22d day of November of the same year, when he and plaintiff conveyed the premises to Charles H. Dietrich by a general warranty deed. The taxes were paid for some three years thereafter, when the payments ceased. On the 17th day of February, 1902, the county of Lincoln commenced its action against Dietrich, the holder of the record title, to foreclose its lien for taxes, and such proceedings were had as resulted in a decree of foreclosure, when the land was purchased by defendant Robb for the sum of $200. The total amount of principal, interest and costs at the time of the sheriff's sale amounted to $65.96, leaving a surplus of $134.04 in the hands of the sheriff. On the 6th day of June, 1903, Dietrich applied to the court for an order requiring the clerk to pay over to him, as the former holder of the title, the sum of $103.14, the amount remaining in the clerk's hands. The order was made and the money paid as directed. The date of the sheriff's deed to Robb was December 9, 1902. On the 30th day of June, 1909, Dietrich executed a quitclaim

deed to defendant Robb, which was recorded on the 17th day of July of that year. This action was commenced on the 9th day of the same month against Dietrich and Robb. It appears that, at the same term of the district court at which the order of confirmation of the sheriff's sale was made, the court entered upon his docket an order setting aside the order of confirmation and all proceedings theretofore had in the case, but at the same term, probably, ran a line through his entry, as if to obliterate it, and on the margin placed the word, "Error," but the order was entered by the clerk at length upon the journal, and it so stood until the 19th day of January, 1910, when, on motion of defendant Robb, as the successor in interest to Dietrich, the court entered what is claimed to be a *nunc pro tunc* order, reciting that the order setting aside the sale "was inadvertently made and made by mistake," and setting aside the order of cancelation, "for the reason that said order and judgment was inadvertently made by the court, and the court did not intend to make that order in this case." There is a sharp contention as to the legal effect of this entry, plaintiff insisting that it was void, for various reasons, while defendants insist that it had the effect of canceling whatever might be the results of the former order. According to the view entertained by us, the question here presented is not deemed of importance, and no further attention will be paid to it.

All the issues herein disposed of were fully and fairly presented by the pleadings, and we do not deem it necessary to extend this opinion to the extent of setting them out in detail herein. On the trial to the court a decree was entered in favor of defendants, dismissing plaintiff's petition, and from which plaintiff has appealed.

It is alleged in the petition that the deed executed to Dietrich by plaintiff and her husband, of November 22, 1893, was made in pursuance of a purpose on the part of Thomas E. Farrell and plaintiff to transfer the title to plaintiff, and that Dietrich, being a friend and confidential adviser to plaintiff and her husband, was selected as a

conduit for conveying the title from the husband to the wife, all believing that the interposition of a third party was necessary to such transfer, but that Dietrich had failed to comply with his agreement to make the deed to plaintiff; that a resulting trust was thereby created, which should be enforced by a court of equity. Defendant insists that, if such was the agreement, it would be an attempt to create an express trust by parol, which is forbidden by statute. It is also insisted that plaintiff and her husband were indebted to the German National Bank of Hastings, of which Dietrich was the president, that the deed was executed for the purpose of securing such indebtedness, and that therefore the deed was, in legal effect, a mortgage. We do not deem it necessary to decide the questions here presented, for, had there been no estoppel and the action been timely brought, plaintiff would have been entitled to recover in a proper action in either event.

Thomas E. Farrell died December 3, 1902, nine years after the execution of the deed to Dietrich, and the amended petition was filed on the 1st day of February, 1910. We are unable to discover from the record before us when the original petition was filed, but it sufficiently appears that the time between the execution of the deed to Dietrich and the commencement of this action was 16 to 17 years. The evidence adduced on the part of the defense tends strongly to prove that probably Mrs. Farrell is mistaken as to the full purpose of the conveyance by her husband and herself to Dietrich in 1893. It is quite reasonable to believe her statement that the land was to be finally reconveyed to her. It is also reasonable to believe that one of the purposes of the deed was to secure the indebtedness of her husband and herself to the bank, for, at that time, the bank held the promissory note signed by both for quite a large sum of money. As we have seen, Mr. Dietrich received $103.14 surplus remaining after the satisfaction of the county's decree of foreclosure. This sum was indorsed upon the note as a credit. On the 23d

of April, 1906, plaintiff by her son, who was her duly ac-
credited agent, had a settlement with the bank officers, a
memorandum of which was reduced to writing, as follows:
"Hastings, Nebraska, April 23, 1906. I have this day
compromised and settled with the German National Bank
of Hastings, Nebraska, the balance due on an indebtedness
arising by reason of and represented by a certain promis-
sory note dated August 24, 1893, for the sum of $10,000.
Secured by real estate mortgage signed by myself and
payable to the order of H. S. Dungan and by him indorsed
to the order of the German National Bank of Hastings,
Nebr. And as part consideration of said settlement and
compromise I have released and do hereby release and ac-
knowledge full satisfaction of any claim I have had or
may have against Chas. H. Dietrich by reason of his hav-
ing conveyed by deed to J. F. Heiler, lots 14 and 15, block
29, Johnson's addition to Hastings, under deed dated De-
cember 21, 1903. This settlement being a full and com-
plete adjustment and settlement of all matters of differ-
ence now existing between the said German National
Bank of Hastings, Nebraska, Chas. H. Dietrich and my-
self. Lizzie Farrell, by Frank E. Farrell as agent." The
note was then surrendered to plaintiff, who testified that
she thinks it was burned. The memorandum of settlement
clearly shows an adjustment of all matters of difference
between plaintiff and the bank, as well as between herself
and Dietrich. It also appears that the taxes on the land,
so far as they were paid, were paid by Dietrich or the
bank, not by plaintiff, although she testified that when
paid by Dietrich or the bank they were charged up in the
bank account against plaintiff's husband. As to that
matter the evidence is quite unsatisfactory. There was
no showing by the bank upon the subject. It must be con-
ceded, however, that the absence of all care over the prop-
erty for so long a time, allowing the taxes to accumulate,
and the receipt of the proceeds of the sheriff's sale would
all seem to indicate an abandonment of the property.
Added to this is the absence of knowledge on the part of

defendant Robb of any claim of interest in the property by either plaintiff or her husband in his lifetime; the presence of the record of the warranty deed from them to Dietrich from December 28, 1893, the date on which it was recorded, and his purchase from Dietrich, must deprive plaintiff of the right to redeem.

The decree of the district court is therefore

AFFIRMED.

ROSE, SEDGWICK and HAMER, JJ., not sitting.